On the Merits.
The order authorizing the sheriff to take bond was in writing. Being unable to furnish the bond in the amount as originally fixed in the written order, it was reduced in each case to $150, on motion in, open court. No record was made of this motion and the order-granted thereon at the request of and for the benefit of the accused.
The signature to the bond is not denied, and it is not urged that the-amount of the bond is not correct. The accused was in custody, and the bond effected his release. As the bond does not exceed the amount authorized in the written order authorizing it, it is difficult-to perceive the force of the objection of the surety. He can not question the regularity of-the proceedings which procured the release of the accused when in custody. The irregularity complained of was the reduction of the bond at the instance and in the interest of the accused on a verbal order of the judge. It is no defence to the breach of the condition of the bonds. 23 An. 596; 21 An. 599; 30 An. 268; 16 An. 141; State vs. Hendricks, 40 An. 719.
The District Attorney offered in evidence the order of court authorizing the taking of the bonds for the amount of $250 each. He then offered to prove a description of the bonds actually taken for $150. To this the counsel for accused objected on the ground that the loss of the bonds had not been established. The objection was properly urged.
The District Attorney afterward offered to prove the loss of the bonds and a description of the same, to which counsel for defendant urged the same objection, and the additional one that the loss of the bonds had not been ascertained in accordance with Art. 2280, Revised Civil Code. It was not necessary to advertise the bonds, as they were not the foundation of the suit. The suit is based upon the alleged forfeiture of the bonds, and a judgment upon the forfeiture on the non-appearance of the accused when called.
On the trial no judgment of forfeiture was offered in evidence. The State offered to amend the minutes by showing by parol testi *643 mony that the bond had been forfeited in accordance with Sec. 1032, R. S.
This correction was not offered at the same term of court at which the forfeiture is alleged to have occurred, but at a different term long after the minutes of the previous term had been approved and signed.
To amend the record, long after it has been made up, by parol testimony would be a dangerous proceeding, particularly when the amendment is for the purpose of establishing the existence of a judgment. The minutes of the court are authentic. The forfeiture of the bond in a criminal prosecution is a judicial act and must appear of recor!, and can not be supplied by parol testimony.
Judgment affirmed.